UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UI TECHNOLOGIES, INC. and
UI DIGITAL, INC.,

                                              Plaintiffs,

      -against-

RICOMA INTERNATIONAL CORP.,
GUOFENG "HENRY" MA, and
MIGUEL ANDONI CIARRETA,

                                              Defendants.
-------------------------------------------------------------------X

**ORDER**

22-CV-00220 (JMA) (ST)

**AZRACK, United States District Judge:**

      Plaintiffs UI Technologies, Inc. ("UIT") and UI Digital, Inc. ("UID") bring this action against Defendants Ricoma International Corp. ("Ricoma"), Guofeng "Henry" Ma[1], and Miguel Andoni Ciarreta alleging patent infringement, breach of contract, and unfair competition under New York law. (Compl. ¶ 1, ECF No. 1.)

      Before the Court is Defendants' motion to dismiss this action for improper venue pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure or, in the alternative, to transfer this action to the Southern District of Florida pursuant to 28 U.S.C. § 1406(a). (Defs.' Ltr. Mot., ECF No. 27; Defs.' Suppl. Mem., ECF No. 33-1.) Defendants have also moved to dismiss Defendants Ma and Ciarreta from this action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Id.)

      For the reasons stated below, Defendants' motion to transfer venue is GRANTED.

---

[1] In the Complaint, Plaintiffs incorrectly identify Defendant Ma as "Guofeng 'Henry' Ma". Defendant Ma identifies himself as "Wenrui 'Henry' Ma". (ECF No. 33-1; ECF No. 33-2.) The Clerk of the Court shall amend the caption to reflect Defendant Ma's correct name.

## I. BACKGROUND

### A. Facts

The following facts are taken from the Complaint and the parties' motion papers, as well as the accompanying declarations and exhibits. See Zaxcom, Inc. v. Lectrosonics, Inc., No. 17-CV-3408, 2019 WL 418860, at *1 (E.D.N.Y. Feb. 1, 2019) ("A district court considering a Rule 12(b)(3) motion to dismiss for improper venue may also examine facts outside the complaint to determine whether its venue is proper."). The Court recites only the facts necessary to determine the instant motions.

Plaintiff UI Technologies, Inc. is a Nevada corporation and 90% owner of Plaintiff UI Digital, Inc., a Delaware corporation. (Compl. ¶¶ 5–6.) Plaintiffs' principal place of business is located in Yaphank, New York. (Id.) Together, Plaintiffs are "a worldwide original equipment manufacturer, distributer, and seller of printers, toner cartridges, and related products." (Id. ¶ 7.) Plaintiffs own or possess an exclusive license to six U.S. patents related to printing technology (the "Patents"). (Id. ¶¶ 14–19.)

Defendant Ricoma is a Florida corporation with its principal place of business in Miami, Florida. (Id. ¶ 8; Ma Decl. ¶ 7, ECF No. 33-2.) Defendant Ma is the Vice President and Chief Executive Officer of Ricoma. (Compl. ¶ 9; Ma Decl. ¶ 1.) Defendant Ciarreta is Ricoma's Vice President of Operations. (Compl. ¶ 10; Ciarreta Decl. ¶ 1, ECF No. 33-4.) Both Ma and Ciarreta reside in Florida. (Compl. ¶¶ 9–10; Ma Decl. ¶ 5; Ciarreta Decl. ¶ 4.)

Plaintiffs allege that in May 2020 they entered into an Authorized Reseller Agreement with Ricoma, whereby UID agreed to sell printers and related products to Ricoma for resale in the United States, and Ricoma agreed to sell and service UID's products. (Compl. ¶ 34.) Plaintiffs allege that in connection with the Reseller Agreement, they shared confidential information regarding UID's products with Ricoma, and that Ricoma misappropriated this information to

design, manufacture, and sell the Luminaris 200 printer and related toner cartridges (the "Accused Product"), thereby infringing the Patents. (Id. ¶¶ 45–58; Dovi Decl. ¶ 6, ECF No. 34-1.) The Reseller Agreement was terminated in April 2021, and in August 2021 Plaintiffs learned of Ricoma's sales of the Accused Product. (Compl. ¶¶ 38, 59.) The parties were unable to resolve their ensuing dispute, (id. ¶¶ 60–61), and this suit followed.

**B. Procedural History**

Plaintiffs commenced this action on December 28, 2021 in the Southern District of New York. (See Compl.) On January 7, 2022, the Honorable Valerie E. Caproni transferred this case to the Eastern District of New York pursuant to 28 U.S.C. § 1404. (ECF No. 16.) Plaintiffs filed a motion for a preliminary injunction on February 4, 2022. (ECF No. 22.) Soon after, Defendants sought leave to file a motion to dismiss or transfer under Federal Rule of Civil Procedure 12(b)(3), and a motion to dismiss under Rule 12(b)(6). (ECF No. 27). Plaintiffs opposed Defendants' request. (ECF No. 31.) The Court invited the parties to supplement their positions, (see Electronic Order dated Feb. 16, 2022), and Defendants' motions were fully briefed on February 23, 2022. (ECF Nos. 33, 34.)

## II.   DISCUSSION

**A. Motion to Dismiss or Transfer for Improper Venue**

The Court first turns to Defendants' motion to dismiss or transfer for improper venue. See Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963) (holding that a motion to dismiss under Rule 12(b)(3) should be considered before a motion to dismiss under Rule 12(b)(6)).

**1. Legal Standard**

When a defendant challenges venue in a patent infringement action pursuant to Rule 12(b)(3), the plaintiff bears the burden of showing that venue is proper. See Uni-Sys., LLC v. United States Tennis Ass'n Nat'l Tennis Ctr. Inc., No. 17-CV-147, 2020 WL 1694490, at *5

(E.D.N.Y. Apr. 7, 2020) (citing In re ZTE (USA) Inc., 890 F.3d 1008, 1012–13 (Fed. Cir. 2018)). In resolving a motion to dismiss for improper venue, the court may consider facts outside of the pleadings. See Zaxcom, 2019 WL 418860, at *3. The court must "view all the facts in a light most favorable to [the] plaintiff" in determining whether the plaintiff has met its burden. Phillips v. Audio Active Ltd., 494 F.3d 378, 384 (2d Cir. 2007).

### 2. Analysis Under 28 U.S.C. § 1400(b)

Because this is a patent infringement action, venue is governed by 28 U.S.C. § 1400(b), the "sole and exclusive provision controlling venue in patent infringement actions." TC Heartland LLC v. Kraft Foods Grp. Brands LLC, 137 S. Ct. 1514, 1520–21 (2017). Under § 1400(b), venue is proper either "in the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business." In conducting this analysis, the Court bears in mind that "the Supreme Court has cautioned against a broad reading" of the patent venue statute. In re Google LLC, 949 F.3d 1338, 1346 (Fed. Cir. 2020). See also In re ZTE, 890 F.3d at 1014 ("Section 1400(b), like its predecessor statutes, is intended to be restrictive of venue in patent cases compared with the broad general venue provision.").

As an initial matter, Plaintiffs do not argue that the "residency" prong of § 1400(b) is satisfied. (See Pls.' Suppl. Opp'n, ECF No. 34.) For the purposes of the patent venue statute, "a domestic corporation 'resides' only in its State of incorporation." TC Heartland, 137 S. Ct. at 1517. Thus, as a Florida corporation, Ricoma "resides" only in Florida. (Ma Decl. ¶ 7.) Ma and Ciarreta are likewise domiciled in Florida. (Ma Decl. ¶ 5; Ciarreta Decl. ¶ 4.)

Alternatively, venue is proper if Defendants have "committed acts of infringement" and have "a regular and established place of business" in this District. 28 U.S.C. § 1400(b). For the purposes of their motion to dismiss or transfer, Defendants do not contest Plaintiffs' allegations that Defendants have committed acts of infringement in this District. (See Defs.' Suppl. Mem. at

4

11.) Accordingly, venue turns on whether Plaintiffs can demonstrate that Defendants have "a regular and established place of business" in the Eastern District of New York.

"A regular and established place of business under the patent venue statute must be: (1) a physical place in the district; (2) regular and established; and (3) the place of the defendant." Ohana v. Mars Petcare US Inc., No. 21-CV-1019, 2022 WL 580952, at *2 (E.D.N.Y. Feb. 24, 2022) (quoting Google, 949 F.3d at 1340). A "physical place" requires a "physical, geographical location in the district from which the [defendant's] business is carried out." In re Cray Inc., 871 F.3d 1355, 1362 (Fed. Cir. 2017). A place of business is "regular" and "established" if there is a "regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" Google, 949 F.3d at 1345. Finally, a place of business is "of the defendant" only if the defendant "establish[ed] or ratif[ied] the place of business." Cray, 871 F.3d at 1363. Viewing the facts in the light most favorable to Plaintiffs, as the Court must at this stage, see Zaxcom, 2019 WL 418860, at *3, the Court finds that Plaintiffs have not met their burden to show that Defendants have a "regular and established place of business" in this District.

First, the Complaint lacks venue-related allegations demonstrating that Defendants have a "regular and established place of business" in this District. Plaintiffs allege only that venue is proper "because a substantial part of the events giving rise to Plaintiffs' claims occurred in this District, and Defendants have done business and committed the complained of acts of infringement in this District." (Compl. ¶ 13.) Plaintiffs also argue that venue is proper because their principal place of business is located in this District, they sell their products from this District, Defendants' conduct has harmed them in this District, and the Reseller Agreement contained a New York choice-of-law provision. (See Pls.' Opp'n at 2.) However, as the Federal Circuit has explained, allegations like these "conflate showings that may be sufficient for other purposes, e.g., personal

5

jurisdiction or the general venue statute, with the necessary showing to establish proper venue in patent cases." Cray, 871 F.3d at 1361.

Second, in opposing Defendants' motion, Plaintiffs argue that the requirements of § 1400(b) are satisfied because "Ricoma has employees who live and therefore regularly conduct business in" the Eastern District of New York. (See Pls.' Opp'n at 2.) As support, Plaintiffs offer screenshots of the LinkedIn profiles of two purported Ricoma employees whose locations are listed as "Freeport, New York" and "New York," respectively. (Dovi Decl., Ex. 4.) On the other hand, Defendants state that Ricoma "maintains no offices or locations" in this District, "does not own, maintain, lease, or even rent" any property within this District, and "does not even have any employees" in this District. (See Defs.' Suppl. Mem. at 10; Ma Decl. ¶¶ 11–12, 15.) Even viewing the facts in the light most favorable to Plaintiffs, see Zaxcom, 2019 WL 418860, at *3, the Court finds Plaintiffs' allegation insufficient to make out a prima facie showing of venue.

Plaintiffs have not alleged that there is a "physical, geographical location in the district from which [Defendants'] business is carried out," Cray, 871 F.3d at 1362, let alone a location that is "settle[d] certainly, or fix[ed] permanently," and therefore "regularly established." Id. (alterations in original). And Plaintiffs have alleged nothing to suggest that there is a place of business "of the defendant" in this District. Id. at 1363. Plaintiffs have not alleged that Defendants (1) "own[ ], lease[ ], or otherwise exercise[ ] control over" a physical place in this District, (2) "conditioned employment on an employee's continued residence in the district," (3) "stored inventory" in a physical place "to be sold or distributed from that place," or (4) "made outward representations that the physical location was its place of business." Zaxcom, 2019 WL 418860, at *5 (citing Cray, 871 F.3d at 1363–64). Because Plaintiffs have failed to establish that Defendants "reside[ ]" or have "a regular and established place of business" in this District, venue is not proper under 28 U.S.C. § 1400(b).

The Court also rejects Plaintiffs' suggestion that they are entitled to venue discovery. (See Pls.' Opp'n at 2.) Courts have denied venue discovery in patent infringement actions despite allegations that a defendant's employee lived and conducted business in the district, absent further "fact-specific allegations or evidence that could support a finding that venue is proper." NetSoc, LLC v. Chegg Inc., No. 18-CV-10262, 2019 WL 4857340, at *4–5 (S.D.N.Y. Oct. 2, 2019) (denying venue discovery where plaintiff alleged that defendant's employee conducted business from home in the district); Novartis Pharms. Corp. v. Accord Healthcare Inc., No. 18-CV-1043, 2019 WL 2502535, at *3–5 (D. Del. June 17, 2019) (denying venue discovery despite facts demonstrating that defendant's employee lived and made sales in the district). For the reasons stated above, Plaintiffs have not met this standard. Accordingly, Plaintiffs' request for venue discovery is denied.

### 3. Transfer

As venue is not proper in this District, the Court must either dismiss, or "if it be in the interest of justice, transfer [the] case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This decision "lies within the sound discretion of the district court." Minnette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993). "Dismissal, as opposed to transfer, is advisable when the case is a 'sure loser.'" NetSoc, 2019 WL 4857340, at *5 (citing Gonzalez v. Hasty, 651 F.3d 318, 324 (2d Cir. 2011)).

The Court finds that transfer will serve the interests of justice in this case. Dismissal would require Plaintiffs to file a new action in another District, while transfer will allow this action to proceed to an adjudication on the merits. Because Plaintiffs seek a preliminary injunction, it is particularly important that their claims be adjudicated "expeditious[ly] and order[ly] . . . on their merits." Zaxcom, 2019 WL 418860, at *10 (citing Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466–67 (1962)).

7

Venue is undeniably proper in the Southern District of Florida, where all Defendants reside.[2] Moreover, Defendants note that all Ricoma employees with knowledge relevant to Plaintiffs' claims, as well as relevant physical and documentary evidence, are located in the Southern District of Florida. (Defs.' Suppl. Mem. at 9 n.8; Ma Decl. ¶¶ 13, 16–19.) Although Plaintiffs submit the Central District of California as an alternative venue, Plaintiffs "ha[ve] not established that [they] would be prejudiced by a transfer" to the Southern District of Florida. NetSoc, 2019 WL 4857340, at *5. See also Uni-Sys., 2020 WL 1694490, at *16 (noting that "venue requirements exist for the benefit of defendants"). Accordingly, the Court holds that transfer is appropriate and orders this case transferred to the Southern District of Florida.[3]

### B. Motion to Dismiss Under Rule 12(b)(6)

Because the Court transfers this case for improper venue, "it lacks power to dismiss [the] complaint for failure to state a claim." Arrowsmith, 320 F.2d at 221. Thus, the Court will not address Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss or transfer for improper venue is GRANTED.

The Clerk of the Court is respectfully directed to transfer this action to the Southern District of Florida.

---

[2] In a state with multiple judicial districts, a corporate defendant resides in the single judicial district within that state where it maintains a principal place of business or its registered office. See In re BigCommerce, Inc., 890 F.3d 978, 986 (Fed. Cir. 2018).

[3] Plaintiffs' non-patent claims are also transferred to the Southern District of Florida. See Metuchen Pharms. LLC v. Empower Pharms. LLC, 18-CV-11406, 2018 WL 5669151, at *5–6 (D.N.J. Nov. 1, 2018) (transferring patent and non-patent claims where plaintiffs' non-patent claims arose from same underlying facts as patent claim).

**SO ORDERED.**

Dated:  May 26, 2022
Central Islip, New York

                                                                  /s/   (JMA)
                                          JOAN M. AZRACK
                                          UNITED STATES DISTRICT JUDGE